OSBORN *v.* OSBORN.

[No. 15,366. Filed November 18, 1936.]

*Royse & Eggleston,* for appellant.

*John A. Kendall,* for appellee.

CURTIS, J.—The appellant in a certain divorce proceeding was granted a divorce from the appellee. The decree gave the appellant the care and custody of one minor child of the parties and awarded the custody of

the other minor child, Wayne L. Osborn, to the appellee "on condition that said Wayne L. Osborn remain where he is (in custody of appellant) until the end of the school year and then to be taken by the defendant, provided the said defendant can satisfy the court that he has provided for the said Wayne L. Osborn a suitable home." At the end of the school year, the appellee filed in said court his petition, entitled "Petition of Roland Osborn for custody of Wayne Osborn, according to order of court," to which petition the appellant filed an answer in general denial and also filed a cross-petition asking a modification of the original decree which awarded custody of said child, Wayne L. Osborn, to the appellee. The modification sought was the awarding of the custody of said child to the appellant.

Said matter was then submitted to the court for hearing and decision. The following record was thereupon made.

"And the court having heard all the evidence in this cause, now finds for the petitioner on his petition and against the plaintiff in this cause and cross-petitioner.

"It is now ordered by the court that the original order as to the custody of the infant child, Wayne Osborn, be and the same is hereby granted to the father, Roland C. Osborn.

"It is, therefore, adjudged and decreed by the court that the original order as to custody of the infant child, Wayne Osborn, be and the same is hereby granted to the father, Roland C. Osborn."

The appellant seasonably filed a motion for a new trial containing thirteen causes or grounds, the first four of which asserting that the decision of the court was not sustained by sufficient evidence and was contrary to law. Grounds 5 to 12, inclusive, each relate to alleged errors in the admission or rejection of evidence. Cause 13 bases alleged error in that the court failed to provide in the order that the appellant should have the

right to visit said child at all reasonable hours. The trial court made the following ruling on the motion for a new trial.

"Come now again the parties by counsel and the court having seen and examined the motion, heretofore filed for a new trial of the plaintiff, Ethyl Osborn, as to her cross-petition filed on the 18th day of June, 1934, asking modification of the order for the custody of the said minor child, Wayne L. Osborn, and being sufficiently advised in its premises, now sustains the same. And the court having seen and examined the motion of said Ethyl L. Osborn, for a new trial on the petition of Roland C. Osborn, filed on July 8th, 1934, heretofore filed, and being duly advised in its premises now overrules the same, to which ruling of the court the plaintiff, Ethyl L. Osborn, duly objects and excepts."

This appeal was thereafter prayed and perfected. The error assigned and relied upon for reversal is the said ruling on the motion for a new trial. The record above set forth shows upon its face that the matter of the said cross-petition of the appellant is still pending. The appeal is therefore premature and piecemeal and is now dismissed upon the court's own motion. Whether a final order and judgment in such a matter as is presented in the instant case is appealable is a question into which we have not inquired.

Appeal dismissed.